UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re ) | |
| ) | Case No. 15-33009-PCM13 |
| JUAN A. FERNANDEZ ) | |
| ) | CHAPTER 13 |
| ) | |
| ) | HONORABLE P. MCKITTRICK |
| ) | U.S. BANKRUPTCY JUDGE |
| Debtor(s) ) | |
| ) | |
| ) | |
| | |
| JUAN A. FERNANDEZ ) | Adversary Proceeding |
| ) | No. |
| Plaintiff, ) | |
| ) | |
| -against- ) | |
| ) | |
| CHERYL MILLS, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY
AND TREATMENT OF CREDITOR, CHERYL MILLS' CLAIM
FOR ATTORNEY FEES AWARDED HER IN THE STATE OF FLORIDA
DIVORCE PROCEEDING**

Plaintiff-Debtor Juan A. Fernandez, as and for its Complaint against Defendant-Creditor

Cheryl Mills (the "Creditor"), respectfully alleges:

Page **1** of **7**

## JURISDICTION

1. The debtor(s) filed this bankruptcy petition on June 19, 2015 under Chapter 13 of Title 11 of the United States Code in the United States Bankruptcy Court for the District of Oregon.

2. The debtor filed his original Chapter 13 Plan on July 13, 2013 [Document # 24][1].

3. Creditor filed her objection to confirmation of debtor's Chapter 13 Plan on July 30, 2015 [Document # 31].

4. Debtor filed his Amended Plan dated November 30, 2015 [Document # 67].

5. Debtor filed an Objection to Creditor's claim 3-2 [Document # 53] which was withdrawn on December 11, 2015 [Document # 71].

6. Creditor withdrew her objection to Plan confirmation on December 16, 2015 [Document # 72].

7. Debtor's Amended Plan was confirmed on December 23, 2015 [Document # 73].

8. Debtor filed a Post-Confirmation Amendment of Plan on June 7, 2016 [Document # 77].

9. Objection to Post-Confirmation filed by Creditor on July 20, 2017 [Document # 124].

10. Debtor filed another Post-Confirmation Amendment of Plan on March 28, 2018 [Document # 171].

11. Court filed its Order Approving the Modified Plan on August 23, 2018. [Document # 185].

12. Creditor filed an Amended Claim #3 on October 10, 2018 in the amount of $93,464.86.

13. Creditor again amended its claim by filing an Amended Claim #3 on November 6, 2018 in the amount of $117,264.86.

---

[1] All references to Document # are references to ECF Docket report numbers

14. This Complaint is timely because Debtor has been informed by the Trustee that treatment of claim 3 can have a deleterious impact on his approved Chapter 13 Plan.

15. This is an adversary proceeding in which Plaintiff-Debtor is objecting to the full amount of Creditor's claim #3 being treated as non-dischargeable priority claim under Bankruptcy Code §523(a) (15) and is seeking a determination as to the dischargeability of the debt under Bankruptcy Code § 523, and §727.

16. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and Bankruptcy Code §§ 523 and 727.

17. This case is a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(I) and 157 (b)(2) (J).

## PARTIES

18. Plaintiff is the Debtor in the above-captioned case and at all relevant times has resided at 7303 SE 118th Place, Portland, OR 97266.

19. Defendant, Cheryl Mills is the Judgment Creditor and former spouse of Plaintiff. The parties were divorced in the State of Florida and have two minor children.

20. Defendant, Wayne Godare is the Chapter 13 Trustee whose address at all relevant times is 222SW Columbia St., Suite 1700, Portland, OR 97201.

## FLORIDA DIVORCE PROCEEDINGS

21. On August 25, 2015, the Honorable Patricia A. Doherty Circuit Judge of the 9th Judicial Circuit in and for Orange County, Florida issued her Final Judgment Awarding Attorneys' Fees and Costs in Case No. 2009-DR-016648-O.[2]

22. The Court awarded Defendant- Creditor the following attorney fees:

    a. $29,580.00 for fees associated with Neva Kelaher, Esq. the Defendant-Creditor's initial attorney in this dissolution proceeding; plus

---

[2] This is the marital dissolution proceeding in Florida State court between Plaintiff-Debtor and Defendant-Creditor in this matter

   b. $56,760.00 for fee associated with Theodore Greene, Esq. the Defendant-Creditor's current attorney in this ongoing divorce and custody action; plus

   c. $7,590.00 for paralegal fees incurred during this ongoing divorce and custody action; plus

   d. $29,579.86 in costs; and finally

   e. $5,545.00 in legal / expert fees for Bankruptcy attorney Stephen R. Caplan, Esq.

   f. The total award was $129,054.86 minus a credit given to Plaintiff-Debtor of $5,000.00 for attorney fees previously paid.[3]

23. The attorney fee award made no distinction between general dissolution legal activity and activity specifically directed towards child support obligations or spousal support obligations.

24. The evidence produced by Defendant-Creditor in the state attorney fee motion included substantial time and costs associated with the litigation of distribution of marital assets and debts, along with child custody and timesharing issues.

25. On September 6, 2017, Judge Patricia Doherty found the Plaintiff-Debtor did not have the current economic ability to contribute to Defendant-Creditor's attorney fee claim for a modification hearing.

## COUNT 1 – REASONABLENESS OF FLORIDA'S ATTORNEY FEE AWARD UNDER SECTION 506 (b) OF THE BANKRUPTCY CODE

26. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 25 of this Complaint as if set forth at length herein.

27. Bankruptcy Code §506(b) provides, in relevant part, that:

  (b) To the extent that an allowed secured claim is secured

  by Property the value of which, after any recovery under subsection

  (c) of this section, is greater than the amount of such claim, there

---

[3] Total award in State Court was $124,054.86 as evidenced in Final Judgment filed on August 25, 2015.

shall be allowed to the holder of such claim, interest on such

claim, and any reasonable fees, costs, or charges provided for

under the agreement or State statute under which such claim arose.

28. Most of Claim No. 3 properly arose under Florida Family law statute but is clearly unreasonable when assessed under the Section 506 "reasonableness" standard. *In Re Keaton,* 182 B.R. 203, 207 (Bankr. E.D. Tenn. 1995). Attorney fees are subject to a reasonableness review in bankruptcy court. Some courts have assumed that the bankruptcy court has an independent power to limit …fees to a reasonable amount is inherent in the bankruptcy process. *See, In Re Keaton, supra* at 209.

29. Furthermore, the Ninth Circuit in *Sanson Investment Co. v. 268 Limited(In re 268 Limited)* 789 F. 2d 674 (1986) held that the portion of attorney fees deemed unreasonable under the §506(b) standard should be allowable as non-priority unsecured claims.

## COUNT 2-CREDITOR HAS THE BURDEN OF PROVING THAT ALL AWARDED ATTORNEY FEES ARE A DOMESTIC SUPPORT OBLIGATION UNDER SECTION 507(a)(1)(A) OF THE BANKRUPTCY CODE

30. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 29 of this Complaint as if set forth at length herein.

31. Bankruptcy Code § 507(a)(1) (A) provides, in relevant part, that:

(a) The following expenses and claims have priority in the following

order:

(1) First:

(A) Allowed unsecured claims for domestic support obligations[4] that

as of the date of the filing of the petition in a case under this title, are

owed to or recoverable by a spouse, former spouse, or child of the debtor,

or such child's parent, legal guardian, or responsible relative, without

---

[4] Domestic Support Obligation (DSO) as defined in 11 USC §101 (14)( c)

regard to whether the claim is filed by such person or is filed by a governmental unit on behalf of such person, on the condition that funds received under this paragraph by a governmental unit under this title after the date of the filing of the petition shall be applied and distributed in accordance with applicable non-bankruptcy law.

32. The term "domestic support obligation" means a debt in the nature of alimony, maintenance or support of a spouse or child. Any marital obligation that does not meet the definition of a domestic support obligation is dischargeable in a Chapter 13 case. *See*, In Re Nelson, 451 B.R. 918,925 (Bankr. D. Or. 2011); In Re Kennedy, 442 B.R. 399 (Bankr. W.D. Pa 2010).

33. The Final Judgment Awarding Attorneys Fees & Costs dated August 25, 2015 issued in the Florida Family Law court clearly is global in nature and includes significant fees and costs for items not related to alimony, maintenance or support.

34. All non-DSO attorney fees which are a substantial portion of Claim 3 should be treated as non-priority unsecured claims and discharged upon completion of my Plan.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff- Debtor requests judgment against Creditor-Cheryl Mills as follows:

1. Creditor-Cheryl Mills remaining attorney fees claim be substantially reduced to eliminate as a priority unsecured domestic support obligation those awarded items deemed unreasonable or clearly outside the definition of a domestic support obligation.

2.      Mandate all non-priority attorney fees be treated as non-priority unsecured claims as defined in Section 2(f) of the Post –Confirmation Plan amendment.

///

///

///

RESPECTFULLY SUBMITTED,

DATE: 5/4/2020

JUAN FERNANDEZ- DEBTOR

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY  that a true and correct copy of the foregoing was sent by First Class U.S. Mail or via electronic transmission this 4th day of May 2020 to Cheryl Mills c/o Stephen R. Caplan, Esq. 31 N. Hyer Ave. Orlando, FL 32801 and Wayne Godare, , Chapter 13 Trustee, 222SW Columbia Street, Ste 1700, Portland, OR 97201.

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br><br>Juan A Fernandez | **DEFENDANTS**<br><br>Cheryl Mills |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>PRO SE | **ATTORNEYS** (If Known)<br><br>Stephen R. Caplan, Esq.<br>Florida Bar No. 835153 |
| **PARTY** (Check One Box Only)<br>■ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor     □ U.S. Trustee/Bankruptcy Admin<br>■ Creditor   □ Other<br>□ Trustee |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)<br>**COMPLAINT FOR DETERMINATION OF DISCHARGEABILITY<br>AND TREATMENT OF CREDITOR, CHERYL MILLS' CLAIM<br>FOR ATTORNEY FEES AWARDED HER IN THE STATE OF FLORIDA** | |

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| FRBP 7001(1) – Recovery of Money/Property | FRBP 7001(6) – Dischargeability (continued) |
|---|---|
| □ 11-Recovery of money/property - §542 turnover of property | ■ 61-Dischargeability - §523(a)(5), domestic support |
| □ 12-Recovery of money/property - §547 preference | □ 68-Dischargeability - §523(a)(6), willful and malicious injury |
| □ 13-Recovery of money/property - §548 fraudulent transfer | □ 63-Dischargeability - §523(a)(8), student loan |
| □ 14-Recovery of money/property - other | □ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support) |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien** | □ 65-Dischargeability - other |
| □ 21-Validity, priority or extent of lien or other interest in property | |
| | **FRBP 7001(7) – Injunctive Relief** |
| **FRBP 7001(3) – Approval of Sale of Property** | □ 71-Injunctive relief – imposition of stay |
| □ 31-Approval of sale of property of estate and of a co-owner - §363(h) | □ 72-Injunctive relief – other |
| **FRBP 7001(4) – Objection/Revocation of Discharge** | **FRBP 7001(8) Subordination of Claim or Interest** |
| ■ 41-Objection / revocation of discharge - §727(c),(d),(e) | □ 81-Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation** | **FRBP 7001(9) Declaratory Judgment** |
| □ 51-Revocation of confirmation | □ 91-Declaratory judgment |
| **FRBP 7001(6) – Dischargeability** | **FRBP 7001(10) Determination of Removed Action** |
| ■ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims | □ 01-Determination of removed claim or cause |
| □ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud | **Other** |
| □ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | □ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.* |
| (continued next column) | □ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case) |
| ■ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Juan A Fernandez | BANKRUPTCY CASE NO.<br>15-33009-PCM13 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Oregon | DIVISION OFFICE<br>PCM13 | NAME OF JUDGE<br>Hon. P. MCKITTRICK | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF<br>Juan A Fernandez | DEFENDANT<br>Cheryl Mills | | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>May 4th 2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Juan A Fernandez<br>Debtor in Pro Per / Pro SE | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

** INBOUND NOTIFICATION : FAX RECEIVED WITH ERRORS **

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
| --- | --- | --- | --- | --- |
| May 4, 2020 at 11:37:24 AM PDT | 14075985577 | 167 | 4 | Failed to receive |

ERROR CODE ( 700 )
Error in fax transmission.

Case 20-03053-pcm Doc 1 Filed 05/04/20

To: Wayne Godare    Page 1 of 19          2020-05-04 18:34:28 (GMT)          14075985577  From: Juan Fernandez

# FAX COVER SHEET

| TO | Wayne Godare |
| --- | --- |
| COMPANY | |
| FAX NUMBER | 12134011577 |
| FROM | Juan Fernandez |
| DATE | 2020-05-04 18:34:01 GMT |
| RE | Filing for Case 15-33009-PCM13 |

## COVER MESSAGE

Enclosed are filings from Debtor Juan Fernandez (407) 342-1202 legal@juanf.com for case number 15-33009-PCM13 including JF - FORM G16 - ADVERSARY COVER SHEET.pdf, JF - ADVERSARY COMPLAINT CLAIM - CHERYL MILLS.pdf & JF - DEBTOR OPPOSITION TO MOTION TO DISMISS - CHERYL MILLS.pdf